# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

**JAYNE DENISE MUNZO,**

                      **Plaintiff,**                **1:11-cv-980
(GLS)**

        **v.**

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

                      **Defendant.**

_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Binder, Binder Law Firm        EDDY PIERRE PIERRE, ESQ.
60 East 42nd Street
Suite 520
New York, NY 10165

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN    MARIA P. FRAGASSI
United States Attorney           SANTANGELO
100 South Clinton Street       NOAH M. SCHABACKER
Syracuse, NY 13261            Special Assistant U.S. Attorneys

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

## <u>MEMORANDUM-DECISION AND ORDER</u>

## I. Introduction

Plaintiff Jayne Denise Munzo challenges defendant Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking review under 42 U.S.C. § 405(g).[1]  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Munzo's arguments, the Commissioner's decision is reversed and remanded.

## II. Background

On December 2, 2008, Munzo who suffers from, among other things, lower back pain and affective disorder, filed an application for SSI under the Social Security Act ("the Act"), alleging disability since March 1, 2001. (*See* Tr.[2] at 15, 109-13.)  After her application was denied, (*see id.* at 46-51), Munzo requested a hearing before an Administrative Law Judge (ALJ), which was held on June 23, 2010.  (*See id.* at 22-42, 52-54.)  On July 28, 2010, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the

---

[1]  Although Munzo's Complaint only references 42 U.S.C. § 405(g), section 1383(c)(3) of Title 42 renders that provision applicable to judicial review of SSI claims.

[2] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 8.)

Social Security Administration Appeals Council's denial of review. (*See id.* at 1-4, 10-21.)

Munzo commenced the present action by filing her Complaint on August 18, 2011 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 6, 8.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos.11, 15.)

### III. Contentions

Munzo contends that the Commissioner's decision is tainted by errors of law. (*See* Dkt. No. 11 at 11-24.) Specifically, Munzo claims that the ALJ: (1) erred by failing to find that listings 12.04 and/or 12.06 were met; (2) improperly weighed the medical evidence; (3) erred in evaluating her credibility; and (4) incorrectly relied upon the Medical-Vocational Guidelines. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 15 at 10-21.)

### IV. Facts

The court adopts the parties' undisputed factual recitations. (*See id.*

at 1-7; Dkt. No. 11 at 1-10.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

Among other arguments, Munzo contends that the ALJ committed reversible error by failing to give the opinion of her treating psychiatrist, Celeste Johns, controlling weight, without first seeking additional information from Dr. Johns in order to fully develop the record. (*See* Dkt. No. 11 at 18-20.) The court agrees.

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 416.927(c). Controlling weight will be given to a treating physician's opinion that is "well-supported

---

[3] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical.

4

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Id.* § 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). However, opinions from treating sources on issues reserved to the Commissioner, i.e., dispositive issues, are not given "any special significance." *Id.* § 416.927(d)(3). Unless controlling weight is given to a treating source's opinion, the ALJ is required to consider the following factors in determining the weight assigned to a medical opinion: whether or not the source examined the claimant; the existence, length and nature of a treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. *See id.* § 416.927(c).

Here, in June 2010, Dr. Johns completed a psychiatric/psychological impairment questionnaire and opined that Munzo was markedly limited in almost every category of functioning including her ability to understand and remember one- or two-step instructions, maintain attention and concentration for extended periods, make simple work related decisions, and complete a normal workweek without interruptions from psychologically based symptoms and perform at a consistent pace without

an unreasonable number and length of rest periods.  (*See* Tr. at 1230-37.)

According to Dr. Johns, Munzo was also markedly limited in her ability to

interact appropriately with the general public, accept instructions and

respond appropriately to criticism from supervisors, and get along with co-

workers or peers without distracting them or exhibiting behavioral

extremes.  (*See id.* at 1234.)  Further, Dr. John's opined that Munzo could

not respond appropriately to changes in the work setting, travel to

unfamiliar places or use public transportation.  (*See id.* at 1234-35.)

Indeed, Dr. Johns reported that Munzo was unable to leave her home due

to panic attacks and anxiety in social situations and was incapable of

tolerating even low stress.  (*See id.* at 1235-36.)  Dr. Johns concluded that

Munzo was currently unable to work.  (*See id.* at 1237.)

Noting that Dr. Johns' "own records fail to identify the severity of the

impairments" listed, the ALJ afforded her opinion "slightly more than some

weight," but did not adopt or incorporate the opinion into his RFC

determination.  (*Id.* at 19.)  The ALJ also noted that Dr. Johns' opinion was

contradicted by her assessment of Munzo's Global Assessment of

Functioning (GAF) of sixty[4] on the June 2010 questionnaire, Munzo's self-reported activities of daily living, and the opinions of state agency review psychologist R. Petro and consultative examiner Dr. Brett T. Hartman. (*See id.* at 19, 172-90, 192-210, 1043-47, 1091-93, 1230.)  Indeed, the ALJ determined that Munzo "remains fully capable of maintaining the basic mental demands of work on a sustained basis" and did not experience marked limitations in functioning in any category.  (*Id.* at 16.)

Notably, on the June 2010 questionnaire, Dr. Johns indicated that Munzo received mental health treatment monthly, with her most recent exam occurring in May 2010.  (*See id.* at 1230.)  Despite his acknowledgment that "the last available treatment record pertaining to the claimant's mental health is from February 2009," the ALJ nevertheless determined that Munzo's medical history was complete due to the fact that Munzo was represented by counsel who gave no indication at the

_____

[4] The GAF Scale "ranks psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." *Pollard v. Halter*, 377 F.3d 183, 186 n.1 (2d Cir. 2004).  A GAF of between fifty-one and sixty indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or coworkers)."  Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., Text Rev. 2000).

administrative hearing that the record was incomplete.  (*Id.* at 19, 41.)

However, without these missing records, the ALJ had before him only

medical records reflecting three visits to the Schoharie County Community

Mental Health Clinic over a one month period.  (*See id.* at 1058-76.)   It is

well settled that, "'an ALJ cannot reject a treating physician's diagnosis

without first attempting to fill any clear gaps in the administrative record.'"

*Petrie v. Astrue*,  412 F. App'x 401, 406 (2d Cir. 2011) (citing *Rosa v.*

*Callahan,* 168 F.3d 72, 79 (2d Cir. 1999)); *accord Schaal v. Apfel*, 134 F.3d

496, 505 (2d Cir. 1998).  Thus, an ALJ's affirmative obligation to develop a

claimant's medical history exists even when the claimant is represented by

counsel.  *See Rosa,* 168 F.3d at 79; *Perez v. Chater*, 77 F.3d 41, 48 (2d

Cir. 1996).  Here, the ALJ failed to fulfill that obligation and was, thus, left to

evaluate Dr. John's opinion on incomplete information.   (*See* Tr. at 19.)

Therefore, the ALJ erred in evaluating Dr. John's opinion and affording it

less than controlling weight.  Because Munzo's remaining contentions may

be impacted by the subsequent proceedings directed by this Order, it

would be improper for the court to consider them at this juncture.

## VII.  <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 21, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court